## COUREMBIS v. DISTRICT OF COLUMBIA et al.

### No. 10856.

United States Court of Appeals
District of Columbia Circuit.

Argued May 29, 1951.

Decided Oct. 11, 1951.

Ewing Laporte, Washington, D. C., for appellant.

Chester H. Gray, Principal Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Oliver Gasch and John Francis Doyle, Asst. Corp. Counsels, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Because appellant's application for a license to operate a hotel had been denied, he asked the District Court for an order in the nature of mandamus and also for damages. The court made findings of fact and conclusions of law and dismissed the complaint on the merits.

The upper part of a building owned by appellant was operated as a lodging house and the ground floor as a restaurant. On August 12, 1948 he got from the Department of Building Inspection of the District of Columbia a permit to make certain additions and alterations. His application for this building permit showed that he wished to operate a hotel. But he was in the real estate business and familiar with the fact that a permit to build is not a license to operate. He knew that he would have to get a "certificate of occupancy", and also a license, before he could operate a hotel.

On July 8, 1949, after he had finished his alterations, he applied for and got a "certificate of occupancy". It contained the words "For use as Hotel". But it also contained the words "Note: License is required for more than two families and/or more than four roomers. It is understood and agreed that the Certificate of Occupancy issued hereunder does not take the place of any required license * * *." The certificate was endorsed "O.K. for C

of O although applicant notified it does not comply with license requirements." Appellant afterwards applied for and was refused a license to operate a hotel.

Two weeks before appellant got his building permit, the Commissioners of the District of Columbia had given public notice of a hearing with regard to proposed new licensing regulations. Less than a month after he got his building permit, and several months before he completed his alterations, new licensing regulations were adopted and widely published. They provided among other things that a building must have at least 30 bedrooms in order to be licensed as a hotel. Appellant's building has 18 bedrooms.

The requirement that a "hotel" have 30 bedrooms is not arbitrary. In defining a hotel for purposes of the District of Columbia Alcoholic Beverage Control Act, Congress itself imposed this same requirement. D.C.Code, 1940, § 25-103(j), 48 Stat. 319, § 3(j). And the requirement here involved is plainly within the licensing authority of the Commissioners of the District of Columbia. They "are authorized and empowered to classify, according to use, method of operation, and size, buildings containing living or lodging quarters of every description, to require licenses for the business operated in each such building as in their judgment requires inspection, supervision or regulation * * *." D.C. Code, 1940, Supp. VII, § 47-2328, 61 Stat. 402.

Since there is no showing that appellant acted in reliance upon the former license requirements there is no possible basis for an estoppel against the appellees, even apart from the fact that public notice of possible changes in the requirements had been given before he acted at all. Moreover it does not appear that appellant is prevented from continuing to use his property as before. For both these reasons District of Columbia v. Cahill, 60 App. D.C. 342, 54 F.2d 453, on which appellant relies, is irrelevant.

Affirmed.